IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BABY DOE et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:22-CV-00771 |
| | ) |
| ENDO HEALTH SOLUTIONS, INC., et al. | ) District Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Jeffrey S. Frensley |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO MCKESSON CORPORATION'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The MDL Court's decision in *In Re National Prescription Opiate Litig.*, 2023 WL 166006 (N.D. Ohio Jan. 12, 2023) ("*Frederick County*") does not justify keeping this case in federal court.[1] The claims and issues in *Frederick County* were materially different than here.

In *Frederick County*, plaintiffs asserted claims for public nuisance, negligence conspiracy, and fraud.[2] The removing defendants were a set of pharmacy benefit managers and affiliated mail-order pharmacies who managed the formulary and provided mail-order drugs for ***federal employees*** enrolled in a particular ***federal health care plan***.[3] Plaintiffs' basic allegations were that these defendants flooded their communities with too many opioids, should have employed a stricter formulary restriction with respect to all shipments, and filled prescriptions that were ultimately diverted.[4] In contrast to the Complaint at issue here, plaintiffs in *Frederick County* do not appear to have contested that (a) the plaintiffs' claims encompassed all opioid shipments by

---

[1] McKesson attached the docketed version of *Frederick County*. For ease of reference going forward, Plaintiffs cite to the Westlaw version here.
[2] *Frederick County*, 2023 WL 166066, at *2.
[3] *Id.* at *2-3.
[4] *Id.* at *6-7.

the Defendants (without distinguishing between non-federal shipments and federal shipments, if any) and (b) that, if the Defendants were correct that any *federally* supplied drugs had reached plaintiffs' communities, the plaintiff's claims necessarily implicated (and sought to regulate) those *federal* shipments.[5] In that posture, the District Court rejected the plaintiffs' "formalistic" argument that simply omitting any mention of the contract in their pleading somehow was determinative of the issue.[6] The District Court found that Defendants had sufficiently proven that some of their drugs were supplied in plaintiffs' communities. It observed that plaintiffs were essentially seeking to impose "impossible" state law obligations on the Defendants, who could not have restricted their federal operations and supply without violating the federal contract.[7]

The situation here is materially different. Unlike in *Frederick County*, this Court's jurisdiction does not turn on whether any drugs that McKesson supplied to a VA Hospital reached Davidson County. In contrast to the theory of liability in *Frederick County*, Plaintiffs are only pursuing McKesson for making illegal shipments to *private pill mills* and doing so under the Tennessee Drug Dealer Liability Act – not public nuisance. Here, if McKesson knowingly supplied private Tennessee pill mills with opioids that it knew were being diverted or otherwise violated its Tennessee duties in supplying them,[8] McKesson can be liable under the DDLA for illegal market participation.[9] Plaintiffs only contend that McKesson violated these duties (and therefore can be

---

[5] *See generally In re Prescription Opiate Litig.*, 1:17-md-2804-DAP, MDL Dkt. No. 4700, Plaintiffs' Supplemental Response on Federal Officer Jurisdiction in Support of Plaintiffs' Motion to Remand. Plaintiffs there did argue that there could be a *de minimis* exception, but the District Court found that unpersuasive. *See Frederick County*, 2023 WL 166066, at *6 n. 4.
[6] *Id.* at 5.
[7] *Id.* at 7.
[8] Tennessee law required McKesson to monitor for, report, and (upon detection) impound any suspicious orders of opioids. (*See, e.g.*, T.C.A. § 53-10-312(c).) Tennessee law also required McKesson only to distribute its drugs for a purpose consistent with its Tennessee registration – *i.e.*, to serve medically valid purposes. (*See* T.C.A. § 53-11-401(a)(1); *see also* T.C.A. 53-11-302.
[9] T.C.A. § 53-11-104(9) (defining illegal market participation).

liable under the DDLA) for shipments to ***private pill mills***. Plaintiffs do not allege – and expressly disclaim – enforcing those state law duties on McKesson's federal shipments to VA Hospitals. McKesson's contract to supply Veterans Administration hospitals has no bearing on whether McKesson illegally (and knowingly) shipped drugs to private pill mills. Thus, unlike in *Frederick County*, Plaintiffs' enforcement of the Tennessee DDLA against McKesson for its private shipments does not impact (or implicate) the federal contract or associated federal shipments in any way. McKesson faces no "impossible" decision between complying with the federal contract and otherwise complying with its Tennessee duties. Nor are Plaintiffs retroactively seeking to hold McKesson liable for adhering to the federal contract. *Frederick County* has no bearing here.

Ultimately, McKesson continues to advocate for a troubling result. Its position is essentially that its federal contract to supply the VA gave it free license otherwise to flout Tennessee law when making separate, totally unrelated shipments to private pill mills. If McKesson's position is adopted, it would preclude Tennessee from facing liability under the DDLA for its misconduct in supplying privately operated pharmacies – simply because McKesson separately has a contract to supply certain federal facilities.[10] That cannot be what Congress intended and does not demonstrate even a "colorable" defense.

This case belongs in state court. *Frederick County* does not show otherwise. Plaintiffs therefore respectfully reiterate that remand is warranted.

---

[10] Indeed, taken to its logical conclusion, McKesson could have received an order for a metric ton of opioids from a private pill mill in Nashville on a particular day, recognized that the order was improper and would be diverted, knowingly shipped the drugs anyway, and then watched the pharmacist hand out those drugs to drug addicts – but nevertheless have a complete federal defense simply because it happened to make separate unchallenged and totally appropriate shipments to the VA Hospital at a different place and time.

Dated: January 26, 2023                               Respectfully submitted,

/s/*Anthony A. Orlandi*
BRANSTETTER, STRANCH &
JENNINGS, PLLC
Tricia R. Herzfeld (BPR #26014)
James G. Stranch, III (BPR #2542)
J. Gerard Stranch, IV (BPR #023045)
Joe P. Leniski, Jr. (BPR #22891)
Anthony A. Orlandi (BPR #33988)
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN, 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
triciah@bsjfirm.com
jims@bsjfirm.com
gerards@bsjfirm.com
joeyl@bsjfirm.com
aorlandi@bsjfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFFS' RESPONSE TO MCKESSON CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY was served upon the following parties via the Court's CM/ECF system, electronic mail and/or U.S. Mail on this 26th day of January 2023 to all counsel of record:

William B. Hawkins III
Lee Pope
Hawkins Hogan, PLC
205 17th Ave. North, Cte. 202
Nashville, TN 37203
lpope@hawkinshogan.com
whawkins@hawkinshogan.com
***Attorneys for Del Mar Medical, Inc. d/b/a Pardue's Pharmacy***

Grace A. Fox
Robert A. Peal
Sims Funk, PLC
3322 West End Ave., #200
Nashville, TN 37203
gfox@simsfunk.com
rpeal@simsfunk.com
***Attorney for Hemal Mehta***

Matthew J. Evans
William G. Wojcik, II
Casey Malloy
John J. Griffin, Jr.
Kay Griffin, PLLC
900 S. Gay Street, Ste. 1810
Knoxville, TN 37902
Matthew.evans@kaygriffin.com
wwojcik@kaygriffin.com
Cmalloy@kaygriffin.com
john.griffin@kaygriffin.com
***Attorneys for Walgreens Co.***

Kyle Mothershead
Relentless Advocacy, PLLC
2901 Dobbs Ave.
Nashville, TN 37211
kyle@relentlesslaw.com
***Attorney for Timothy Abbott***

Joshua L. Burgener
Dickinson Wright, PLLC
424 Church Street, Ste. 800
Nashville, TN37203

jburgener@dickinsonwright.com
***Attorney for Walmart, Inc. and Wal-Mart Stores East, L.P.***

Chris L. Vlahos
Jenna L. Harris
Ritholz Levy Fields, LLC
131 S. 11th Street
Nashville, TN 37206
cvlahos@rlfllp.com
jharris@rlfllp.com
***Attorneys for Allergan Finance, LLC***

Taylor B. Mayes
Andrew D. Tharp
Butler Snow, LLP
150 Third Avenue South, Ste. 1600
Nashville, TN 37201
Taylor.mayes@butlersnow.com
Andrew.tharp@butlersnow.com
***Attorneys for Johnson & Johnson, Inc. and Janssen Pharmaceuticals, Inc.***

Stuart A. Burkhalter
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
sburkhalter@rjfirm.com
***Attorneys for Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Par Pharmaceuticals, Inc., Impax Laboratories, Inc., Amneal Pharmaceuticals, Inc., Amneal Pharmaceuticals, LLC, Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis, LLC, and Actavis Pharma, Inc.***

Melanie S. Carter
Justina L. Byers
Terry M. Henry
Blank Rome LLP
One Logan Square
130 N 18th Street
Philadelphia, PA 19103-6998

Melanie.Carter@BlankRome.com
Terry.Henry@BlankRome.com
Justina.Byers@BlankRome.com
**Attorneys for Teva Pharmaceuticals USA, Inc., Actavis, LLC, Actavis Pharma, Inc., and Watson Laboratories**

Lela M. Hollabaugh
Bradley Arant Boult Cummings, LLP
1600 Division Street, Ste. 700
Nashville, TN 37203
lhollabaugh@bradley.com
**Attorneys for Cardinal Health, Inc.**

Kyle W. Eiselstein
Meredith C. Lee
Miller & Martin PLLC
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
kyle.eiselstein@millermartin.com
Meredith.lee@millermartin.com
**Attorneys for AmerisourceBergen Drug Corporation**

Conor N. O'Croinin
100 East Pratt St., Ste. 2440
Baltimore, MD 21202
cocroinin@xuckerman.com

C. Scott Johnson
Spears, Moore, Rebman & Williams, PC
P.O. Box 1749
Chattanooga, TN 37401

csj@smrw.com
**Attorneys for CVS Pharmacy, Inc.; CVS TN Distribution, LLC; CVS Indiana, LLC; Tennessee CVS Pharmacy, LLC**

Larry H. Montgomery
Aubrey B. Greer
Glankler Brown, PLLC
6000 Poplar Ave., Ste. 400
Memphis, TN 38119
lmontgomery@glankler.com
agreer@glankler.com
**Attorneys for Rite Aid Hdqtrs. Corp, Rite Aid of Tennessee, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.**

Anna G. Rasmussen
Jeffrey C. Smith
John-David H. Thomas
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Ste. 2700
Nashville, TN 37219
anna.rasmussen@wallerlaw.com
Jeff.Smith@wallerlaw.com
jd.thomas@wallerlaw.com
**Attorneys for McKesson Corporation**

Cindy Scott
1412 Semmes Ave. #2102
Richmond, VA 23224
*Pro Se*

      */s/ Anthony A. Orlandi*
        Anthony A. Orlandi