IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BABY DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:22-cv-00771 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ENDO HEALTH SOLUTIONS, INC., et ) | MAGISTRATE JUDGE |
| al., ) | FRENSLEY |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' motion to remand or, in the alternative, for leave to file an amended complaint and remand. (Doc. No. 67) Defendant McKesson Corporation filed a response in opposition (Doc. No. 71), and Plaintiffs filed a reply (Doc. No. 72). For the reasons discussed below, Plaintiffs' request for leave to amend the Complaint is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiffs bring this action against defendant drug producers and distributors, chain and independent pharmacies, and individual prescribers under the Tennessee Drug Dealer Liability Act ("TDDLA"). Defendant McKesson Corporation ("McKesson") is a wholesale distributor of prescription medications. On August 3, 2022, Plaintiffs filed this action in the Circuit Court for Davidson County, Tennessee. (*See* original complaint, Doc. Nos. 1-6 – 1-22). McKesson removed this action to this court under 28 U.S.C. § 1442(a)(1). (Doc. No. 1). McKesson contends that this action is removeable under 28 U.S.C. § 1442(a)(1) on the grounds that it is the primary distributor of prescription medications to federal facilities in Tennessee pursuant to a contract with the federal government and that it acted under the color of federal office and at the direction of a federal officer in making these distributions. Specifically, McKesson contends that it distributes

pharmaceuticals, including prescription opioids, to federal facilities in Tennessee, including the U.S. Department of Veterans Affairs and the Bureau of Prisons, pursuant to an exclusive federal contract known as the Pharmaceutical Prime Vendor Contract ("PPV Contract").

On October 31, 2022, Plaintiffs filed the pending motion to remand (Doc. No. 67), arguing that McKesson failed to demonstrate that it was acting under a federal officer in distributing prescription opioids. Plaintiffs state that they are not pursuing claims in this lawsuit that are related to any distributions made by McKesson under the PPV Contract. In the alternative, Plaintiffs seek leave to amend the Complaint to expressly disclaim reliance on McKesson's distributions under the PPV Contract.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading with the written consent of the opposing party or leave of Court, which the Court "should freely give… when justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether to grant leave to amend, district courts should consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.'" *Hopkins v. Chartrand*, 566 Fed. Appx. 445, 449 (6th Cir. 2014) (internal citations omitted). Moreover, "futility of amendment… is simply defined as an amendment to the complaint that would not survive a Rule 12(b) motion to dismiss." *500 Associates, Inc. v. Vermont Am. Corp.*, 496 Fed. Appx. 589, 593 (6th Cir. 2012) (internal citation omitted). "As a result, the proposed amended complaint must allege facts 'sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Smith v. Blue Cross Blue Shield*, No. 2:23-cv-12003, 2024 U.S. Dist. LEXIS 190336, at *3 (E.D. Mich. Aug. 29, 2024).

2

### III. ANALYSIS

After Plaintiffs filed their motion to remand, the Supreme Court issued the opinion in *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212 (2025). In *Royal Canin*, a consumer brought a state court class action against a manufacturer of prescription dog food and alleged violations of state law and the federal Food, Drug, and Cosmetic Act. *Id.* The defendant removed the case to federal court, and the plaintiff subsequently amended the complaint to remove all federal law claims and filed a motion to remand the case to state court. *Id.* at *4.

The Supreme Court considered the effect of a post-removal amendment and ultimately held that a post-removal amendment of a Complaint that removes all federal questions is sufficient to defeat supplemental jurisdiction over remaining state-law claims and the action must be remanded to state court. In reaching this conclusion, the Supreme Court reasoned that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says" and that "[i]f (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.* at *5. The Court also noted that a plaintiff is "the master of the complaint," which the Court found "extends beyond the time her first complaint is filed" and that "[i]f a plaintiff amends her complaint, the new pleading 'supersedes' the old one: [t]he 'original pleading no longer performs any function in the case.'" *Id.* at *7 (internal citations omitted). The Supreme Court held that because the plaintiff removed all federal-law claims from the Complaint after removal, the district court lacked jurisdiction over the remaining state-law claims and remand was appropriate. *Id.*

Here, Plaintiffs seek to amend their Complaint to "expressly disclaim[] any reliance on McKesson sales under the PPC Contract" which Plaintiffs maintain would "negate any basis for

3

federal officer jurisdiction and justify remand to state court." (Doc. No. 68 at PageID # 1631). Plaintiffs request that this action be remanded after amendment of the Complaint.

In response, McKesson contends that Plaintiffs cannot amend their Complaint at this stage because "jurisdiction is established based on the complaint at the time of removal" and "this Court need not consider an amended complaint filed after removal in determining whether an action was properly removed." (Doc. No. 71 at PageID # 1715). However, the Supreme Court clearly held in *Royal Canin* that post-removal amendments removing federal law claims can defeat jurisdiction.

McKesson also argues that permitting Plaintiffs to amend their Complaint would not defeat removal because "it contradicts the allegations that underlie their DDLA claim, as well as their theories of causation and injury." (*Id.* at PageID # 1718). McKesson further contends that its distributions to federal entities make up the majority of the total opioid volume that Plaintiffs allege are a cause of their injuries and that Plaintiffs' DDLA claim implicates "all opioids that McKesson shipped within the state." (*Id.* at PageID # 1719). McKesson argues that, as a result, Plaintiffs' "'technical legal disclaimer' is in deep tension with their own 'factual allegations'" and is "precisely the sort of 'artful pleading' that courts refuse to credit." (*Id.* at PageID # 1720) (internal citation omitted). Making a finding on these issues before Plaintiffs amend their Complaint would be premature, and the Court declines to do so.

Moreover, the Rule 15(a)(2) factors support granting Plaintiffs leave to amend. Plaintiffs timely filed their motion to remand after McKesson removed this action and filed a notice of supplemental authority regarding the *Royal Canin* decision on the same day it was issued. (Doc. No. 121). McKesson did not file a response to the notice. Further, McKesson had notice of Plaintiffs' motion to remand and their request for leave to amend, and there is no evidence of bad faith, repeated failure to cure deficiencies by prior amendment, or undue prejudice to McKesson.

4

Finally, the Court finds that the amendment proposed by Plaintiffs is not futile as it will impact the Court's analysis on the pending motion to remand regarding whether the Court has jurisdiction over Plaintiffs' claims. Accordingly, in light of *Royal Canin* and the Rule 15(a)(2) factors, the Court finds that it is in the interest of justice to allow Plaintiffs leave to amend their Complaint to include the proposed disclaimer.

For the reasons set forth above, Plaintiffs' request for leave to amend the Complaint is **GRANTED**. Plaintiffs shall file their Amended Complaint on or before March 4, 2025. McKesson shall respond to Plaintiffs' Amended Complaint on or before March 18, 2025. The Court will reserve ruling on Plaintiffs' motion to remand (Doc. No. 67) until after McKesson has responded to Plaintiffs' Amended Complaint.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE